RHODE ISLAND HOSPITAL TRUST CO. *Ex. v.* ALICE BALLOU ELIOT *et al.*

MAY 28, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Wills.   Ambiguity.*

Testamentary bequest "to my daughter X., all my stock in the B. Co.; all I now own in the C. Co. and forty thousand dollars in trust for her two daughters".—

*Held,* the clause was free from ambiguity, and showed the clear intent of testator to bequeath the stock in the several corporations to his daughter and such shares were not included in the trust for the minor respondents.

BILL IN EQUITY for instructions by executor. Certified under Gen. Laws, cap. 289.

VINCENT, J.   This is a bill in equity for instructions and involves the interpretation of the fourth clause of the will of Barton A. Ballou, late of the city of Providence, deceased. The bill is brought by the Rhode Island Hospital Trust Company, the executor of said will, and is certified to this court under the provisions of Chapter 289 of the Gen. Laws of 1909.

The clause in question is as follows:

"Fourth, To my daughter, Alice Ballou Eliot, I give, devise and bequeath All my stock in the Wheeling Electric Company; All I now own in the Franklin Machine Company; All I now own in the United Gas and Electric corporation; All I now own in the Ponemah Mills; All I now own in the Nebraska Power and Light Company, and Forty Thousand Dollars ($40,000) in trust for her two daughters, Mary Eliot and Ruth Eliot, the income to be used for their maintenance and education, the principal to be divided equally between them when they become of age.

"I request that my daughter, Alice Ballou Eliot, be not required to give any bond on this trusteeship."

"In case Mary or Ruth Eliot should die before becoming of age, I direct that that portion of the Trust Fund which would have belonged to the deceased shall be disposed of by their mother, Alice Ballou Eliot, personally or through her will."

The question presented for our consideration is as to whether the whole or only a portion of the property mentioned in the above clause is included in the trust for the minor respondents, Mary and Ruth Eliot. In other words, does the trust affect all of the shares in the several corporations named, or is it restricted to the sum of $40,000.

The complainant executor sets forth in its brief that its difficulty in construing this clause of the will does not arise from its inability to discern the intention of the testator but only as to the construction which the law may put upon this clause in which he has attempted to express his intention.

Authorities are cited to us holding that the intention of the testator is to be ascertained and given effect if possible consistent with the established rules of law, and that the language of the will should be interpreted in a manner calculated to carry out such intention, and further, that such intent should be found from the will taken as a whole.

These principles of law are so well settled that we need not discuss them or cite authorities in their support.

The guardian *ad litem* of Mary Eliot and Ruth Eliot, daughters of Alice Ballou Eliot, contends that the trust created by the fourth clause of this will affects all the property described therein and that the intention of the testator to make such a disposition thereof is clear and definite; that the language is explicit and unambiguous showing an intention to create a trust covering the shares of the five corporations mentioned as well as the sum of $40,000.

The guardian *ad litem* further contends that the intention of the testator must be found in his expressed words and that the language of this clause is not imbued with either patent or latent ambiguity.

The guardian *ad litem* discusses the question as to the admissibility of parol evidence, claiming that it is only admissible in explaining the latent ambiguity, arising *dehors* the will.

We do not consider it necessary in the present case to enter upon the discussion of either of these questions, that is, as to ambiguity or the admission of parol evidence.

It seems to us that the language of the clause in question shows the clear intent of the testator to bequeath the stock in the several corporations mentioned to his daughter, Alice Ballou Eliot, and that such shares of stock were not intended to be included in the trust for the minor respondents Mary and Ruth Eliot.

We see no ambiguity in this clause and no necessity for considering the question of extrinsic evidence. It is evident from the language of the clause that the sum of $40,000 was simply an additional bequest to Alice Ballou Eliot in trust, the income to be used for the maintenance and education of her two daughters until such time as they should become of age.

Our decision, therefore, is that the shares of stock mentioned in said fourth clause of the testator's will pass to Alice Ballou Eliot free from any trust and that the sum of $40,000 is to be held in trust by her, the income therefrom to be used for the maintenance and education of her two daughters the

principal sum to be divided equally between them when they become of age.

The parties may present to this court on Friday, June 1, 1923, a form of decree in accordance with this opinion.

*Tillinghast & Collins,* for. complainant.
*Harold E. Staples,* for Alice B. Eliot.
*Franklin B. Frost,* guardian *ad litem.*
*Huddy, Emerson & Moulton,* of counsel.